No. 298
HOOLEY v. STATE
Ohio Appeals, 3d Dist., Logan County
Decided Feb. 21, 1924

This case is pending in Supreme Court on motion to certify, docketed March 20, 1922. 2 Abs. 226.

Hughes, Warden and Crow, JJ.

225.   CHARGE TO JURY—Court should not invade province of the jury by assuming a fact that is submissible to the jury—Cannot take judicial knowledge that a certain school house is situated in a given county.

CROW, J.

Epitomized Opinion
Published Only in Ohio Law Abstract

Hooley was indicted by the Grand Jury of Logan county, under 13028 GC., in said Logan county, for unlawfully agreeing to take and transport and taking and transporting one Mary Ellen T., of the age of 17 years, and Beulah B., of the age of 14 years, from West Liberty, in said county of Logan, to Springfield, in Clarke county, for the purpose of lewdness, and unlawfully engaging in lewdness with the girls, etc., describing his acts. Hooley was convicted and sentenced.

The indictment was attacked for duplicity and on the ground that it does not sufficient set forth an offense, and it was contended that at the trial errors occurred in the admission

and rejection of evidence, in the charge and refusal of the trial court to charge, and that the verdict was not sustained by sufficient evidence. Upon error the Logan Court of Appeals held:

That more than one offense is not charged, but that the pleading failed because the essential element of intent is absent; that the offense of taking and transporting, defined in 13031-13 GC. is not sufficiently pleaded, but that the indictment does charge an offense under the last section named; that the defendent unlawfully engaged in lewdness by offering intoxicating liquor to the girls, and attempting to induce each and both of them to engage in prostitution. After discussing the evidence and acts of the accused, the court announced that it was not called upon to determine whether the evidence justified the finding of the jury as the only testimony located the act of lewdness at a certain school house, but there was no evidence to show that the house was in Logan county, and it is not a matter of judicial knowledge.

It also found that the trial court erred in assuming in its charge that a certain rubber, proven to have been talked about by the accused, to the girls, was a device for the purpose of preventing conception, when in fact the character of the rubber should have been submitted to the jury. For the reasons of the lack of proof of venue, and for the error in the charge, the judgment of the Common Pleas is reversed.

Attorneys—E. K. Campbell, Pros. Atty., for State; Miller & Middleton, for Hooley; all of Bellefontaine.

---

(Continued from Page 336)

### DIV. VII—SPECIAL ACTIONS
#### CHAP. 3. DIVORCE AND ALIMONY
Sec. 11998. Proceedings for alimony only.
Alimony payable in monthly installments may be granted out of future earnings. Bailey v. Bailey, OA. 2 Abs. 74.

#### CHAP. 7. TAXES AND ASSESSMENTS (1259)
Sec. 12075. Jurisdiction of Courts, Common Pleas and Superior.
Failure of property owner receiving notice (851) to file objections, a waiver (1247) of his right to question, though exceeds 33 1-3 per cent. Cuyahoga Falls v. Beck, OS. 2 Abs. 78.

#### CHAP. 8. CONTEST OF WILLS (294)
Sec. 12085. Conduct of trial.
What evidence jury (683 may consider as competent proof (480) of mental capacity to make and restraint. Collins v. Collins et, OS. 2 Abs. 278.

---

## TITLE V—PROCEDURE ON APPEAL
### CHAP. 4. GENERAL PROVISIONS

Sec. 12270. Proceedings in Error; Limitations.
Limitation for error proceedings is not postponed by post dated order overruling motion for new trial. Wyant v. Russell, OS. Syl. 2 Abs. 6.

---

## PART FOUR—PENAL
### TITLE I—FELONIES AND MISDEMEANORS
#### CHAP. 4. OFFENSES PERTAINING TO PROPERTY

Sec. 12464. Unlawful repossession of, sold on installment plan.
Court cannot declare contract illegal, the legality of which has not been raised by pleading or evidence. Wright Co. v. Lauby, OA. 2 Ab.s 59.

#### CHAP. 5. OFFENSES AGAINST PUBLIC SAFETY

Sec. 12635. Racing or Shooting in the Streets.
Both shooting and firing either gun or pistol are qualified by "at a target." Widner v. State, OS. 2 Abs. 86.

#### CHAP. 11. OFFENSES AGAINST MINORS
Sec. 13008. Neglect to provide for child or pregnant woman.
Verdict finding accused guilty of abandoning legitimate child held responsive to offense charged. Norman v. State, OS. Syl. 2 Abs. 68.
Sec. 13010. Convicted person may give bond.
Power to suspend sentence is also afforded by 13706 GC. Norman v. State, OS. Syl. 2 Abs. 68.

#### CHAP. 12—OFFENSES AGAINST CHASTITY
Sec. 13028—Giving wine to female with intent.
Sufficiency of pleading under this section, OA. 2 Abs.

---

## TITLE II—CRIMINAL PROCEDURE
### CHAP. 8. INDICTMENTS AND PROCEEDINGS
Sec. 13582. What is a variance.
Ues of word "rungs" instead of "rugs" held not fatal variance. State v. Brozich, OS. 2 Abs. 69.

#### CHAP. 11. VERDICT AND JUDGMENT
Sec. 13706. Certain prisoners may be put on probation.
Power to suspend sentence is additional to 13010 GC. Norman v. State, OS. Syl. 2 Abs. 68.

---

## CONSTITUTION
### ART. 1. BILL OF RIGHTS
Sec. 16. Of redress in Courts.
GC. 1465-74, providing for determining amount due injured workman by individual commission is not repugnant. DeWitt v. State, OS. 2 Abs. 69.

Sec. 19. Inviolability of private property.
Separate owners of separate tracts of land condemned waive right to separate assessment of each tract by appearing and testifying to lump sum value. Scott v. Columbus, OS. Syl. 2 Abs. 5.

Sec. 19. Zoning Ordinance.
Zoning ordinance held not violation. State v. Durant, OA. 2 Abs. 75.

### ART. XVIII. MUNICIPAL CORPORATIONS
Sec. 2. General and Additional Laws.
Zoning ordinance held valid. State v. Durant, OA. 2 Abs. 75

Sec. 3. Powers.
Municipalities held to have constitutional authority to adopt police and sanitary regulations not in conflict with general laws. Struthers v. Sokol, OS. 2 Abs. 9.